**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDUARDO AND CARMEN AMORIN, individually, and on behalf of all others similarly situated,** | **CASE NO.: 2:14-cv-1727**<br>**SECT L. Mag 2** |
| **Plaintiffs,** | |
| **v.** | **CLASS ACTION COMPLAINT** |
| **The State-Owned Assets Supervision and Administration Commission of the State Council; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Beijing New Building Materials (Group) Co., Ltd.; China National Building Materials Group Corporation,** | **JURY TRIAL DEMAND** |
| **Defendants.** | |

______________________________________________/

**OMNIBUS CLASS ACTION COMPLAINT (XIX)**

The Chinese defendants in this complaint, the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC"); Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"); Beijing New Building Materials Public Limited Co. ("BNBM"); China National Building Material Co., Ltd. ("CNBM"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); China National Building Materials Group Corporation ("CNBM Group"); and Taian Taishan Plasterboard Co., Ltd. ("TTP"), took advantage of the American marketplace by selling defective drywall throughout the country but then walked away from responsibility for their products after being called to task for the injuries they caused to thousands of American property owners. After profiting from their marketing and

selling defective drywall to the plaintiffs, these defendants cowardly and shamelessly walked away from their duty in the marketplace. To hold the defendants accountable, Plaintiffs obtained default judgments against Taishan Gypsum and preliminary defaults judgments against its affiliates and subsidiaries, BNBM; CNBM; BNBM Group; CNBM Group; and TTP. The controlling, affiliated Chinese defendants allowed Taishan and TTP to participate in legal proceedings solely to challenge and contest the federal judiciary's authority and jurisdiction. These affiliates and subsidiaries, however, refused to even recognize the legal proceedings filed against them and accepted default judgments being imposed upon them. After Taishan and TTP appealed the district court's ruling that personal jurisdiction was authorized, these entities took four appeals to the United States Court of Appeals for the Fifth Circuit to challenge the district court's orders. Taishan and TTP lost each appeal. Then, when the district court ordered them to appear for a Judgment Debtor Examination regarding the default judgment, Taishan discharged its attorneys and wilfully disobeyed the court's order. Such disrespect for the authority of the federal judiciary was swiftly met with an order of contempt against Taishan and its affiliates.

On July 17, 2014, the district court addressed Taishan's refusal to appear severely. The court held Taishan in contempt of court, both civilly and criminally. "Such disobedience of the Court's order harms both the many other parties in this case and the decorum of the Court," the district court held. The district court went on to punish Taishan by ordering it to pay $15,000 in attorney's fees to Plaintiffs' counsel, to pay $40,000 as a penalty for contempt, enjoining Taishan , and any of its affiliates or subsidiaries from conducting any business in the United States until or unless it participates in the judicial process, and, if it violates the injunction, to pay a further penalty of 25% of the profits earned by the company or its affiliates who violate the order, for the

year of the violation.

This lawsuit seeks to hold accountable the subsidiaries and affiliated, defaulted Taishan Defendants' parent company, the SASAC. The SASAC supervises the State-owned assets of enterprises engaged in drywall production, including Taishan. SASAC oversees 150 large central state-owned assets and enterprises, including CNBM Group. SASAC owns 100% of CNBM Group. CNBM Group owns 56.4% of CNBM and 75% of BNBM. In turn, BNBM owns 65% of Taishan. Because of its controlling interests, SASAC controls all of the Taisan affiliates and subsidiaries that were held in contempt by the District Court. Each of the affiliated defendants listed above are in contempt of court.

Because all of the defendants aided and abetted one another and acted in concert, each of the Defendants is in contempt of the district court's July 17, 2014 order. Further, as a result of their concerted actions, all of these defendants are collectively (jointly and severally) liable for damages to plaintiffs which are in excess of $1.5 billion.

Pursuant to Fed. R. Civ. P. 23, Eduardo and Carmen Amorin are the designated class representatives amongst the approximately 3,700 representative plaintiffs in this action who bring suit on behalf of themselves and all other similarly situated owners and residents of real property containing problematic Chinese manufactured drywall that was designed, manufactured, imported, distributed, delivered, supplied, marketed, inspected, or sold by the Defendants or their affiliates. Each of the class representatives is pursuing a nationwide class action against Taishan, TTP, BNBM, BNBM (Group), CNBM, and CNBM (Group) and SASAC (collectively "the Taishan affiliated Defendants").

## JURISDICTION, PARTIES, AND VENUE

1. Original jurisdiction of this Court exists by virtue of 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1711, *et. seq*. The Plaintiffs and certain of the Defendants in these actions are citizens of different states and the amounts in controversy in these actions exceed five million dollars ($5,000,000.00), exclusive of interest and costs.

2. Venue in this district satisfies the requirements of 28 U.S.C. §1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district. Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML"). *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp.2d 1346 (J.P.M.L. Jun. 15, 2009).

## PLAINTIFFS

3. Plaintiffs, Eduardo and Carmen Amorin are citizens of Florida and together own real property located at 240 West End Drive, Bldg. 7, Unit 721, Punta Gorda, Florida 33950. Plaintiffs have incurred damages caused by the drywall distributed by defendants and are participating as class representatives for similarly situated individuals.

4. For purposes of clarity, the Plaintiffs are asserting claims on behalf of all owners and residents of the subject properties, including but not limited to, minors and other residents of the properties who do not appear herein as named plaintiffs.

5. The Plaintiffs in this action are also asserting claims on behalf of all plaintiffs from

prior complaints involving the Taishan Defendants. These plaintiffs include but are not limited to those plaintiffs who asserted claims against the Taishan Defendants in *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civ. Action No. 10-361; *Gross, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-6690; *Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-080; *Laura, Daniel and Irene Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1077; and *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Civ. Action No. 9-6687. In particular, Plaintiffs incorporate by reference in its entirety (including the plaintiff parties) the allegations from the complaint and the complaints in intervention, *Amorin v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.*, Civ. No. 2:11-cv-1395 (E.D.La.)[hereafter Amorin MDL 2047 Complaint] and Omni XVI Complaint in Intervention (Rec. Doc. No. 16227).

**DEFENDANTS**

6. The allegations of the Amorin MDL 2047 Complaint regarding Defendants Taishan, TTP, BNBM, BNBM (Group), CNBM, and CNBM (Group) and SASAC, *i.e.*, Paragraphs 20-22, 26-30, are hereby incorporated by reference, and adopted as if pleaded expressly.

7. SASAC is a foreign corporation doing business in several States, including but not limited to, Louisiana, Alabama, Florida, Mississippi, Texas, North Carolina, and Virginia. Upon information and belief, Defendant SASAC, together with its affiliates and/or actual or apparent agents, manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within various States, including but not limited to, Louisiana, Alabama,

Florida, Mississippi, Texas, North Carolina, and Virginia. Upon information and belief, Defendant has continuously and systematically distributed and sold drywall to numerous purchasers in the United States and their drywall is installed in numerous structures in the United States.

8. To the extent any of the foreign defendants are deemed to be foreign sovereign entities, including but not limited to Taishan, TTP, BNBM, BNBM (Group), CNBM, and CNBM (Group) and SASAC, Plaintiffs bring their claims against these entities pursuant to 28 U.S.C. § 1605(a)(2), the commercial activity exception to the Foreign Sovereign Immunities Act, or alternatively under § 1605(a)(5), the tortious act exception. Plaintiffs allege that the claims against the foreign defendants are based upon commercial activities carried on in the United States along with entities such as CNBM USA Corp, BNBM American, and United Suntech. The claims also seeks monetary damages against a foreign state for damage to property occurring in the United States, caused by the tortious acts or omissions of that foreign state, or of any official or employee of that foreign state while acting within the scope of his office or employment.

**FACTS REGARDING DEFENDANTS' CONDUCT**

9. SASAC, due to its supervision and controlling authority, by and through the other Taishan Affiliates and subsidiaries negligently caused the design, manufacture, importing, distributing, delivery, supply, marketing, inspecting, or sale of the problematic drywall at issue in this litigation described in greater detail in the Amorin MDL 2047 Complaint Paragraphs 86 - 118.

**CLASS ACTION ALLEGATIONS**

10. All Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2),

(b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class comprised of:

> All owners and residents (past or present) of real property located in the United States containing problematic Chinese drywall manufactured, sold, distributed, and/or supplied by the Defendants.

11. The following Persons shall be excluded from the class: (1) Defendants and their subsidiaries, affiliates, officers and employees; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.

12. Upon information and belief, Defendants' problematic and unreasonably dangerous drywall was installed in at least 3,700 homes, residences, or other structures owned by plaintiffs and class members. Therefore, the class is sufficiently numerous such that the joinder of all members of the class in a single action is impracticable.

13. There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the class. Among these common questions of law and fact are the following:

a. whether Defendants aided and abetted each other or were acting in concert in the decision to hire and discharge Taishan's counsel, and to flout the District Court's order to appear at the Judgment Debtor Examination;

b. whether Defendants' drywall products are problematic and/or unfit for their intended purpose;

c. whether Defendants may be held jointly and severally liable for tortiously manufacturing, exporting, importing, distributing, delivering, supplying,

inspecting, marketing, and/or selling problematic drywall products, in addition to hiring and discharging Taishan's counsel, and/or flouting the District Court's order to appear at the Judgment Debtor Examination;

d. whether plaintiffs are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendants' unlawful and tortious conduct; and

e. whether plaintiffs are entitled to recover injunctive and/or equitable relief as a result of Defendants' unlawful and tortious conduct.

14. The legal claims of named Plaintiffs are typical of the legal claims of other class members. Named plaintiffs have the same legal interests and need for legal remedies as other class members.

15. Named plaintiffs are adequate representatives of the class. Together with their legal counsel, each will fairly and adequately protect the interests of class members. Named plaintiffs have no known conflict with the class and are committed to the vigorous prosecution of this action.

16. The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving harmful products. Counsel will fairly and adequately protect the interests of the class.

17. The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party

opposing the class; or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other class members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

18. The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

19. A class action is superior in this case to other methods of dispute resolution. The class members have an interest in class adjudication rather than individual adjudication because of their overlapping rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

20. The issues particularly common to the class members' claims, some of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ. P. 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

**COUNTS I - X**

21. Plaintiffs adopt and restate the legal theories expressed in Counts I - X of the Amorin MDL 2047 Complaint, Paragraphs 130-220, stating claims for Negligence per Se, Strict Liability, Breach of Express And/or Implied Warranties, Redhibition, Louisiana Products Liability Act,

Private Nuisance, Unjust Enrichment, Violation of Consumer Protection Acts, and Equitable and Injunctive Relief.

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of the class members, hereby demand a trial by jury as to all issues so triable as a matter of right.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situated demand upon Defendants jointly and severally for:

a. an order certifying the case as a class action;

b. an order certifying the class;

c. an order appointing plaintiffs as the class representatives of the class;

d. an order appointing undersigned counsel and their firms as counsel for the class;

e. compensatory and statutory damages;

f. punitive damages as allowed by law;

g. pre and post-judgment interest as allowed by law;

h. injunctive relief;

I. an award of attorneys' fees as allowed by law;

j. an award of taxable costs; and

k. any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 29, 2014

/s/ Leonard A. Davis
Russ M. Herman, Esquire (LA Bar No. 6819)
Leonard A. Davis, Esquire (LA Bar No. 14190)
Stephen J. Herman, Esquire (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com